UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LEIVA LLANO,

      Petitioner,

v.                                          Case No. 2:26-cv-1585-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents.

_____/

**OPINION AND ORDER**

Before the Court are Petitioner Jose Leiva Llano's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 7). For the below reasons, the Court grants the petition to the extent set forth in this Order.

**I.   Background**

Leiva Llano is a 72-year-old native and citizen of Cuba who paroled into the United States on October 24, 1995. (Doc. 7 at 1). After a conviction for lewd and lascivious behavior, Leiva Llano was ordered removed from the United States on April 4, 2002. (Id.) He was not removed at the time but was released on an order of supervision on July 23, 2002. (Id.)

On October 25, 2025, Immigration and Customs Enforcement (ICE) officers detained petitioner for the alleged purpose of

executing his removal order.  (Doc. 7 at 2).  As of May 26, 2026, Leiva Llano has been confined for 213 days,

## II.  Discussion[1]

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

In Zadvydas v. Davis, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 680, 700-01 (2001). So, "for the sake of uniform administration in the federal courts," Zadvydas established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  Id. at 701. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise.  Id.

---

[1] Respondents first argue that the Court lacks jurisdiction to consider this petition.  (Doc. 7 at 3).  The Court rejected identical jurisdiction arguments in Omar Mauso Lasso v. South Florida Detention Facility, No. 2:26-cv-918-JES-NPM, 2026 WL 1251678 (M.D. Fla. May 7, 2026) and Jerez Castillo v. Noem, No. 2:26-cv-550-JES-DNF, 2026 WL 1145792 (M.D. Fla. Apr. 28, 2026). The Court's reasoning in those cases also applies here.

Respondents agree that Leiva Llano has been in immigration custody for more than 180 days but argue that "ICE is considering third country removal, which is permissible under the INA." (Doc. 7 ay 9).  This may be so, but Respondents make no argument that Leiva Llano's removal is likely in the reasonably foreseeable future.  They do not allege that any country has agreed to accept Leiva Llano—or that they have even inquired about that possibility— and they do not explain why no progress has been made on that front in the 213 days since he was taken into detention.  In short, they do not demonstrate that they have done anything at all to effectuate Leiva Llano's removal in the 213 days he has been detained in immigration custody.  Under, Zadvydas, this is insufficient to show a realistic likelihood of Leiva Llano's removal in the reasonably foreseeable future.[2]  See Douglas v. Baker, 812 F.Supp.3d 525, 532 (D. Md. Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the

---

[2] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

government to detain a noncitizen and then sit on its hands.  Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.")

## I.    Conclusion

The Court finds no significant likelihood that Leiva Llano will be removed in the reasonably foreseeable future.  He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision.  If Leiva Llano fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Leiva Llano to "assur[e] [his] presence at the moment of removal."  Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1.    Jose Leiva Llano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.    Respondents shall release Leiva Llano within 24 hours of this Order, and they shall facilitate his transportation from the

4

detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 27, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5